# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **GOVERNORS GUN CLUB KENNESAW, LLC,** | Case No. 22-20787 |
| **Debtor.** | |

## EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE

COME NOW Governors Gun Club Kennesaw, LLC, (the "**Debtor**"), by and through its undersigned counsel, and respectfully move the Court for entry of an order dismissing these cases. In support thereof, the Debtors respectfully state as follows:

1. The Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on August 17, 2022 (the "**Petition Date**").

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Debtor's largest creditor, South State Bank, NA ("**South State**") has agreed to an amendment to the loan agreement to bring the loan current (the "**Loan Amendment**"). See Declaration of William E. Brown, the Debtor's president, attached hereto as **Exhibit A** and incorporated herein by reference. The dismissal of this Chapter 11 case is a condition precedent to the Loan Amendment.

4. As of the Petition Date, the Debtor was current with all of its creditors with the exception of South State, which was due to the inability of the Debtor to negotiate a new forbearance agreement. Once the Loan Amendment is finalized, the Debtor will be able to operate profitably and remain current with all of its other creditors.

1

5.	Section 1112(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause…" 11 U.S.C. § 1112(b)(1)

6.	A determination of cause is made by the court on a case-by-case basis. *See Albany Partners*, 749 F.2d at 674. In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion. See *In re Camden Ordinance Mfg. Co. of Arkansas. Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999). Therefore, it is clear that the Court is authorized to dismiss the Debtors' Chapter 11 cases upon a showing of cause.

7.	The legislative history of § 1112(b) indicates that the court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 57878; *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) rests in the sound discretion of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded wide discretion under Section 1112(b)); *Albany Partners*, 749 F.2d at 674. For reasons more fully explained below, the Court should use its grant of broad authority to dismiss the Debtors' Chapter 11 cases.

8.	Case law supports Debtors' freedom to dismiss their own cases, provided that their creditors are not harmed by such dismissal. In re Geller, 74 B.R. 685, 690 (Bankr. E.D. Penn.

2

1987) (noting that the court would "grant such a motion [to voluntarily dismiss] in all but extraordinary situations").

9. As explained above, to receive the Loan Amendment, the Chapter 11 case must be dismissed.

10. All other creditors will not be harmed by the dismissal of these Chapter 11 case because the Debtor will remain current on its obligations. Additionally, the only other secured creditor, Spider Pig Holdings, LLC, will retain its security interest, and all unsecured creditors will retain their state law remedies.

11. Thus, dismissal of the Chapter 11 case is in the best interest of creditors and the Debtor.

12. For the foregoing reasons, dismissal is appropriate and is in the best interests of the Debtor and its creditors.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully request that the Court: (i) enter an order, in the form of the proposed order attached hereto as **Exhibit B** dismissing the case; and (ii) grant any such other and further relief as this Honorable Court deems just and proper.

[*Signature of counsel on following page*]

Dated: October 3, 2022	Respectfully submitted,

**ROUNTREE LEITMAN & KLEIN, LLC**

<u>*/s/ Elizabeth Childers*</u>
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
echilders@rlklawfirm.com
*Attorneys for the Debtors*

## **Exhibit A**

**Declaration of William E. Brown**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **GOVERNORS GUN CLUB KENNESAW, LLC,** | Case No. 22-20787 |
| **Debtor.** | |

### DECLARATION OF WILLIAM E. BROWN

I, William E. Brown, make the following declaration:

1. I am over the age of 18 and I am a resident of the State of Georgia, I suffer no legal disabilities, and if called as a witness, I could testify completely to the facts set forth herein.

2. I submit this Declaration in support of the Debtor's Emergency Motion to Dismiss Bankruptcy Case (the "**Motion**"),[1] and for all other purposes allowed by law.

3. I am the president of Governors Gun Club Kennesaw, LLC, the debtor in this bankruptcy case.

4. South State Bank, NA, the Debtor's largest creditor, has agreed to an amendment to the loan agreement that will bring the loan current.

5. The dismissal of this Chapter 11 case is a condition precedent to the issuance of the amendment.

6. There are no other impediments to the extension of financing.

7. The Debtor was current on all of its other obligations as of the Petition Date.

8. It would be in the best interests of the Debtor and would not harm creditors to dismiss this bankruptcy case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

---

[1] All undefined, capitalized terms contained herein shall have the meaning ascribed to them in the Motion.

Doc ID: 3829b6bf78a7af58b54bc759a0f02db826d142a7

Dated: October 3, 2022

*William E Brown*
_____
**William E. Brown**

Doc ID: 3829b6bf78a7af58b54bc759a0f02db826d142a7



Audit Trail

| | |
|---|---|
| **TITLE** | Declaration for GGCK Motion to Dismiss.pdf |
| **FILE NAME** | Declaration%20for...0to%20Dismiss.pdf |
| **DOCUMENT ID** | 3829b6bf78a7af58b54bc759a0f02db826d142a7 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
**10 / 03 / 2022**  
17:16:23 UTC  
Sent for signature to Governors Gun Club Kennesaw, LLC (bert@governorsgunclub.com) from echilders@rlklawfirm.com  
IP: 24.99.79.244

**VIEWED**  
**10 / 03 / 2022**  
18:11:11 UTC  
Viewed by Governors Gun Club Kennesaw, LLC (bert@governorsgunclub.com)  
IP: 45.30.253.141

**SIGNED**  
**10 / 03 / 2022**  
18:11:26 UTC  
Signed by Governors Gun Club Kennesaw, LLC (bert@governorsgunclub.com)  
IP: 45.30.253.141

**COMPLETED**  
**10 / 03 / 2022**  
18:11:26 UTC  
The document has been completed.

Powered by HELLOSIGN

<u>**Exhibit B**</u>
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GOVERNORS GUN CLUB KENNESAW, LLC,** | **Case No. 22-20787** |
| **Debtor.** | |

**ORDER GRANTING DEBTOR's
<u>EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE</u>**

This matter came before the Court on October ___, 2022, for hearing (the "**Hearing**") on the Debtor's Emergency Motion to Dismiss Bankruptcy Case [Doc. ___] (the "**Motion**"). Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28

U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.[1]

2. The above-captioned bankruptcy case is hereby DISMISSED pursuant to Section 1112(b)(1).

3. This Order shall be effective immediately upon entry.

4. The Debtor shall file monthly operating report(s) through the date of entry of this Order and shall pay all quarterly fees due to the United States Trustee on or before thirty (30) days after entry of this Order.

5. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**
*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
echilders@rlklawfirm.com
*Attorneys for the Debtors*

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.